NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>JOHN JENSEN,<br><br>Defendant. | Criminal Action No. 19-619 (RK)<br><br>**MEMORANDUM ORDER** |

**KIRSCH, District Judge**

**THIS MATTER** comes before the Court upon Defendant John Jensen's ("Defendant") *pro se* Motion for Early Termination of Supervised Release. (ECF No. 36.) The Government opposes the Motion. (ECF No. 39.) For the reasons set forth below, Defendant's Motion is **DENIED.**

I. **BACKGROUND**

On October 10, 2017, Defendant was arrested after law enforcement officers received a tip that Defendant was selling methamphetamine out of a New Jersey hotel room. (ECF No. 40, "PSR," ¶ 12–13.) Officers recovered approximately 145 grams of individually-packaged zip-locked bags of methamphetamine from the hotel room. (*Id.* ¶ 13.) After his arrest, Defendant told law enforcement agents that earlier in the day he had picked up approximately three pounds of methamphetamine that had been shipped from California. (*Id.* ¶ 14.) He then sold the majority of the methamphetamine prior to officers arriving at the hotel. (*Id.*) Defendant reported that he also arranged for five additional pounds of methamphetamine to be shipped to the hotel the following day. (*Id.* ¶ 15.) Agents from the Federal Bureau of Investigation were able to intercept the package and confirm that it contained approximately five pounds of methamphetamine. (*Id.* ¶ 16.)

On September 5, 2019, Defendant pled guilty to one count of possession with intent to distribute 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B). (ECF No. 27; *see* ECF No. 29.) The Sentencing Guidelines range was set at 168 months to 210 months. (PSR ¶ 93.) On July 19, 2022, the Honorable Peter G. Sheridan, U.S.D.J. (ret.) sentenced Defendant to 24 months imprisonment and four years supervised release.[1] (ECF No. 34.) On or around June 21, 2023, Defendant began his term of supervised release which is set to expire in 2027. (ECF No. 39-3.) As part of supervised release, Defendant was ordered to submit to drug testing and treatment. (ECF No. 34 at 3.)

Defendant filed the present Motion on November 15, 2024. (ECF No. 36.) Defendant argues that the Court should terminate his supervised release early because (1) he is in full compliance with the terms of his supervised release; (2) he has fully reintegrated into society; and (3) "additional time on supervised release is unnecessary to achieve further rehabilitation." (*See id.*) The Government opposes the Motion because (1) early termination is precluded by Defendant's plea agreement, and (2) application of the relevant factors as directed by 18 U.S.C. § 3583(e) demonstrates that early termination is not warranted. (*See* ECF No. 39.)

## II.   **LEGAL STANDARD**

A district court may terminate a term of supervised release any time after the expiration of one year of supervised release, if the court is "satisfied that such action is warranted by the conduct of the defendant released and in the interest of justice." 18 U.S.C. § 3583(e)(1). The court must consider the following factors under 18 U.S.C. § 3553(a):

> (1) the nature and circumstances of the offense and the defendant's history and characteristics; (2) the need to afford adequate deterrence to criminal conduct, protect the public from further

---

[1] On November 18, 2024, this case was reassigned to the Undersigned. (ECF No. 37.)

2

>crimes of the defendant, and provide [the defendant] with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentence and sentencing range established for the defendant's crimes; (4) pertinent policy statements issued by the United States Sentencing Commission; (5) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (6) the need to provide restitution to any victims of the offense.

*United States v. Melvin*, 978 F.3d 49, 52 (3d Cir. 2020) (citing 18 U.S.C. § 3553(a)(1), (2)(B)–(D), (4)–(7)). "A district court enjoys discretion to consider a wide range of circumstances when determining whether to grant early termination." *Id.* District courts "are not required to make specific findings of fact with respect to each of these factors; rather, a statement that the district court has considered the statutory factors is sufficient." *Id.* at 52–53 (cleaned up).

### III. DISCUSSION

As a preliminary matter, Defendant's Plea Agreement prohibits him from filing the present Motion. The Plea Agreement provides that Defendant "waive[d], the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if that sentence falls within or below the [applicable Sentencing Guidelines range]." (ECF No. 29 at 8 ¶ 12 (emphasis added).) The Plea Agreement explicitly contemplates a term of supervised release as part of Defendant's sentence. (*See id.* at 2.) The Third Circuit has held that a waiver of the right to "challenge this . . . sentence" in this context applies to a motion for early termination of supervised release. *See United States v. Damon*, 933 F.3d 269, 274–75 (3d Cir. 2019). Defendant's ultimate sentence falls significantly below the Sentencing Guidelines range set at 168 months to 210 months. Therefore, Defendant's "challenge to the duration of his supervised release falls within the scope of his appellate waiver." *Id.* at 275.

Even assuming *arguendo* that Defendant could file the present Motion, the Court has considered the statutory factors under 18 U.S.C. § 3553(a) and determines that terminating Defendant's supervised release is not appropriate. *See United States v. Sheppard*, 17 F.4th 449, 455–56 (3d Cir. 2021). The first factor weighs against terminating Defendant's supervised release. *See* 18 U.S.C. § 3553(a)(1). Defendant pled guilty to possession with intent to distribute a significant amount of methamphetamine. Defendant was found with 145 grams of methamphetamine in his hotel room and another five pounds en route to the hotel. (*See* PSR ¶¶ 13, 16.) This was not the first time Defendant pled guilty to a methamphetamine crime. Earlier in 2017, Defendant pled guilty to possession of methamphetamine contrary to the provisions of N.J.S.A. § 2C 35-5a(1) and N.J.S.A. § 2C:35-5b(9)(a). (*Id.* ¶ 39; *see id.* ¶¶ 34–41 (listing eight adult criminal convictions between 1993 and 2018 for drug possession, burglary, and trespass).) What's more, Defendant was struggling with a methamphetamine addiction at the time of his arrest and had abused alcohol and various drugs since he was a teenager. (*Id.* ¶ 66.)

The fact that Defendant was sentenced to a term of imprisonment *far below* the Sentencing Guidelines range also weighs against terminating his supervised release. *See* 18 U.S.C. § 3553(a)(3). During presentencing, the Sentencing Guidelines range for Defendant's conduct was 168 months to 210 months. (PSR ¶ 93.) Ultimately, Defendant was sentenced to only 24 months, a significant downward variance from the sentence set forth during presentencing. (ECF No. 34.) Even the sentencing court's order of four years of supervised release was at the low end of the Sentencing Guidelines range of four to five years. (PSR ¶ 96.) Since Defendant already benefited from a significant downward variance in his sentence, he is not entitled to early termination of supervised release. *See United States v. Triplett*, No. 16-248, 2020 WL 6701023, at *4 (W.D. Pa. Nov. 13, 2020).

Defendant asserts he has "achieved stable community reintegration in terms of housing, family support, and employment."[2] (ECF No. 36 at 6.) Indeed, the Government has represented that Defendant "has been placed on the 'Low Intensity' tier of supervision, and in his approximately 20 months of supervision, [Defendant] has had no violations and has abided by the terms of his supervision." (ECF No. 39 at 3.) However, his compliance "may very well mean that supervision is serving its deterrent and rehabilitative purposes and continuation of it to full term will achieve its desired effects." *United States v. Hall*, No. 05-367, 2025 WL 306537, at *3 (W.D. Pa. Jan. 27, 2025) (quotation omitted). Particularly given Defendant's history of methamphetamine abuse and his history of criminal activity involving same, the Court will not disrupt Defendant's progress at this time and is unlikely to do so prior to the termination of the four-year period of supervised release. The Court is convinced that terminating Defendant's supervised release at this juncture is unwarranted. Defendant's Motion (ECF No. 36) is **DENIED.**

Accordingly, **IT IS** on this 21st day of March, 2025,

**ORDERED** that Defendant's Motion for Early Termination of Supervised Release (ECF No. 36) is **DENIED**; and further

**ORDERED** that the Clerk of the Court is directed to **TERMINATE** the Motion pending at ECF No. 36; and further

**ORDERED** that the Clerk of the Court is directed to mail a copy of this Memorandum Order to Plaintiff's address on record via regular U.S. mail.

                                                                    **ROBERT KIRSCH**
                                                                    **UNITED STATES DISTRICT JUDGE**

---

[2] More specifically, Defendant states he works as a Field Project Manager for a trucking company and is active in the recovery community, serving as a sponsor to several individuals. (ECF No. 36 at 6.)